**James Ray WILEY, Plaintiff— Appellant,**

v.

**Daniel SERRANO; Greg Jones; M. Witcher; H. Huerta; C.O. Larkins, Defendants—Appellees.**

No. 00–55997.

D.C. No. CV–97–02589–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided May 20, 2002.

---

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,* District Judge.

## MEMORANDUM**

Plaintiff James Ray Wiley appeals the district court's grant of summary judgment in favor of Defendants Serrano, Jones, Witcher, Huerta, and Larkins in this 42 U.S.C. § 1983 action for alleged violations of Plaintiff's Fourth and Eighth Amendment rights. We affirm.

### A. Fourth Amendment Claim

Plaintiff first contends that Defendants' manual search of his rectal cavity violated the Fourth Amendment.

In this circuit, a digital bodily cavity search of a prison inmate complies with the Fourth Amendment if three conditions are met. First, prison officials must have reasonable cause to search the inmate. *Vaughan v. Ricketts*, 950 F.2d 1464, 1468–69 (9th Cir.1991) (*Vaughan II*). Second, the search must serve a valid penological need. *Tribble v. Gardner*, 860 F.2d 321, 325 (9th Cir.1988). Third, the search must be conducted in a reasonable manner. *Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988) (*Vaughan I*).

Here, the undisputed facts show that all three conditions were met. (1) Defendants had reasonable cause to search Plaintiff's rectal cavity based on the corroborated evidence that Plaintiff was dealing drugs while in prison, and on the fact that prisoners often hide contraband in bodily cavities because of the absence of other hiding places in prison. (2) Defendants had a

---

* The Honorable Susan Ritchie Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

valid penological objective: preventing drugs from entering the administrative segregation unit where Plaintiff, and the others being searched, were about to be transferred. (3) Finally, although Plaintiff complains that the search caused pain, the undisputed facts show that the search was conducted in a reasonable manner. It was performed in the infirmary's emergency room, by a doctor who was assisted by a registered nurse and a medical technical assistant. The doctor used a lubricated plastic scope to conduct the search, which lasted a minute or less. Plaintiff did not complain of pain during the search. Plaintiff received a medical evaluation from a medical technical assistant following the search.

Plaintiff nevertheless asserts that Defendants must show, in addition to the foregoing, that they complied with prison regulations requiring that prison officials exhaust all less intrusive search methods before performing a manual rectal cavity search. However, we have held that the fact that prison regulations set higher standards for searches of inmates than does the Fourth Amendment does not mean that prison officials must comply with those standards to comply with the Fourth Amendment. *Vaughan II*, 950 F.2d at 1469.

In short, the district court properly granted summary judgment in favor of Defendants on Plaintiff's Fourth Amendment claim.

B. *Eighth Amendment Claim*

Plaintiff also argues that the search violated the Eighth Amendment.

To establish an Eighth Amendment violation, an inmate must show either that (1) prison officials inflicted pain on an inmate "maliciously and sadistically for the very purpose of causing harm," or (2) prison officials were deliberately indifferent to inadequate conditions of confinement. *Wil-*

*son v. Seiter*, 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citation and internal quotation marks omitted).

■ Neither condition is present in this case. As discussed above, the undisputed facts show that the search was for the purpose of ensuring that Plaintiff did not bring drugs into administrative segregation, not for the purpose of causing him pain or harm. The undisputed facts show further that the search was conducted in a reasonable manner, briefly and by a doctor, a nurse, and a medical assistant. Plaintiff was offered medical assistance immediately both after the search and again a few days later, belying any claim that Defendants were indifferent, let alone deliberately so, to Plaintiff's medical needs. In the circumstances, the district court properly granted summary judgment in favor of Defendants on Plaintiff's Eighth Amendment claim.

AFFIRMED.